976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David KELEHER, Plaintiff-Appellant,
v.
DOMINION INSULATION, INC.; Profit Sharing Plan for
Employees of Dominion Insulation; Donn C. Hart,
Jr.; Peter M. McGuire, Defendants-Appellees.
NATIONAL EMPLOYMENT LAWYERS ASSOCIATION, Amicus Curiae.
 No. 91-1261.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 1, 1992
Decided: October 5, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-91-13-A)
 ARGUED: Robert Brian Fitzpatrick, Fitzpatrick & Verstegen, Washington, D.C., for Appellant.
 Douglas Kenneth Bergere, Nichols, Bergere, Borinsky & Zauzig, P.C., Woodbridge, Virginia, for Appellees.
 ON BRIEF: Stephen R. Bruce, Washington, D.C., for Amicus Curiae.
 E.D.Va.
 Affirmed.
 Before ERVIN, Chief Judge, and HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The appellant David Keleher ("appellant") filed a two count civil action in the United States District Court on January 4, 1991. The complaint alleged that the appellant was a plan participant in a profit sharing and benefits plan managed by the appellee Dominion Insulation, Inc. ("appellee"), and covered by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C.s 1001 et seq., and that the appellee had wrongfully refused to provide the appellant with a copy of the plan in violation of 29 U.S.C. §§ 1024(b)(4), 1133 and[1] 1132(c). 1 Count II alleged common law claims heard in federal district court on the basis of pendency with the ERISA claim. The appellee filed a counterclaim in response to the appellant's common law cause of action, alleging that the appellant actually owed it money.
 
 
 2
 At the close of evidence, the district judge entered a verdict in favor of the appellee as to Count I, and sent the pendent claims to a jury which found in favor of the appellant, and granted him damages in the amount of $16,700. In dismissing the appellant's Count I claim, the district court concluded that the appellant was not a plan participant pursuant to ERISA because he did not have a colorable claim to vested benefits under the plan. The appellant filed timely notice of appeal of the dismissal of his ERISA claim. In that we determine that the district court properly concluded that the appellant did not have a colorable claim to vested benefits, we affirm the district court's opinion.
 
 I.
 
 3
 In 1982, the appellant began working as a salesman with the appellee insulation company. The appellant characterizes the relationship between him and the appellee as employee/employer, while the appellee classifies, and apparently has always classified, the appellant as an independent contractor. The appellee supports its classification with evidence indicating that the appellant was paid entirely on a percentage of sale basis, that no taxes were ever withheld from payments made to the appellant, that the appellant filed tax returns indicating his status as "self-employed" during the entire period of his relationship with the appellee, that the appellant was offered and refused an opportunity to participate in the company's group health plan provided he pay the premium rate, and that the profit sharing plan that is the focus of the dispute in the present case defined "employees" as those on the payroll and employed on a full time basis.
 
 
 4
 The appellant contends that he is an employee, offering evidence that the IRS is investigating the issue of the appellee's classification of the appellant as an independent contractor, that the appellant's work hours were closely monitored by the appellee, that the appellant was provided with a company vehicle, that the appellee controlled the selection of the appellant's customers, and that the appellant did not work for any other employer during the period. In addition, the appellant alleges that the profit sharing plan provided a definition of employee which included him and similarly situated salespeople.
 
 
 5
 The profit sharing plan does not provide a clear definition of "employee" controlling resolution of the present dispute. The plan does not provide a distinction between employees and independent contractors in its definitions. The plan does set out standards for eligibility for benefits based on the "full time" status of "employees." The foundation issue of whether the appellant was an employee, is not resolved by the plan's language.
 
 
 6
 In 1988, the appellant left the appellee company and submitted a request to the profit-sharing plan administrators for a copy of the plan, or a summary of its provisions. The administrators, concluding that the appellant was not a participant in the plan, failed to provide the requested information.
 
 
 7
 At trial, the district court concluded that the appellant had not made a colorable claim that he was a participant in the profit sharing plan, and that, therefore, the court had no jurisdiction over the appellant's ERISA claim.[2] The court concluded that to be entitled to civil relief, a plaintiff is required to show either a reasonable expectation of a return to employment, or a colorable claim to vested benefits. The district court concluded that the appellant made no contention that he expected a return to "employment," and he never claimed that he had attained vested rights to benefits, only that he had been improperly excluded from benefits. Accordingly, the court concluded that the appellant was not a plan participant, and that the court, consequently, had no subject matter jurisdiction in that the dispute was not covered by ERISA, and that it therefore had no authority to oblige the appellee to provide the appellant with a copy of the plan.
 
 II.
 
 8
 The question on appeal is whether the district court properly concluded that the appellant was not a plan "participant" as defined by ERISA, and consequently that he was not entitled to a copy of the profit sharing plan. Determination of plan participant status required legal interpretation of the relevant statutory provisions by the district court. The district court was not bound to adopt the conclusions of the plan administrators, and it was required to review the denial of benefits under the de novo standard, unless specific discretionary authority in the hands of the administrators was reserved in the plan. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). There is no such reservation in the plan at issue here. In reviewing the district court's conclusions as to the legal status of the appellant under ERISA, we should apply a de novo standard of review.
 
 
 9
 As defined by ERISA, a "participant" in a plan covered by the act is entitled to be furnished substantial information about the benefit plan including a copy of its most up to date summary.[3] ERISA defines "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan ... "[4] The Supreme Court has concluded that "the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits.' " Bruch, 489 U.S. at 117 (citations omitted).
 
 
 10
 Recently, the Supreme Court has provided specific guidance for the determination of whether an employed individual is an "employee" as defined by ERISA. The Act defines "employee" as "any individual employed by an employer."[5] In Nationwide Mutual Insurance Co. v. Darden, 112 S. Ct. 1344, 1346 (1992), the Court concluded that ERISA's reference to the term "employee" should be read "to incorporate traditional agency law criteria for identifying master-servant relationships." The Court specifically detailed factors that should be included in an evaluation of employment status:
 
 
 11
 the hiring party's right to control the manner and means by which the product is accomplished ... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment ... the provision of employee benefits; and the tax treatment of the hired party.
 
 
 12
 Id. at 1348. In reviewing the district court's refusal to grant the appellant's claim, we must first determine whether the appellant was an ERISA "employee" pursuant to the standard articulated in Darden, and then, if we conclude that the appellant was an employee, we must decide whether he had a colorable claim to vested benefits.
 
 III.
 
 13
 The district court did not dispute the appellant's status as an employee in its opinion. The evidence presented at trial, and on appeal, suggests that the appellant should be viewed as an employee under ERISA. Application of common law agency rules mandates a determination based on the level of control exercised by the master in the master-servant relationship. Although the appellant was paid on a percentage basis for sales made, and the appellant filed tax returns indicating his status as "self-employed," it is clear that the appellee had substantial control over the appellant's activities, that the appellant used the appellee's vehicle when performing his duties, that his work hours were closely monitored by the appellee, that the appellant did not work for any other employer during his period with the appellee, and that the appellee controlled the appellant's selection of customers. The authority enjoyed by the appellee constituted control over the manner and means by which the appellant performed his duties. Accordingly we may assume, arguendo, that, pursuant to the Darden standard, the appellant should be considered an employee for the purposes of ERISA.
 
 
 14
 We must, however, investigate the central question on appeal, namely, whether the appellant had a colorable claim to vested benefits under the plan. To determine the propriety of the appellant's claim we must analyze the relevant provisions of the profit sharing and benefits plans at issue. The plan provides that "All Employees on the payroll who on July 25, 1984 are employed on a full time basis ... are eligible to participate in the plan." (Emphasis added). The appellant began work for the appellee in 1982. Pursuant to the plan, employment is considered to be on a "full time basis" if "it is anticipated that [the employee] will complete at least 1,000 hours" during the relevant employment period. An "hour" of work is defined as those "hours" during which the employee "is directly or indirectly paid, or entitled to payment by the Employer for the performance of duties during the applicable computation period."
 
 
 15
 The district court concluded that the appellant did not meet the eligibility requirements because he was never paid a salary on an hourly basis by the appellee. Although the commission payments received by the appellant for sales made could be considered"indirect" payment, it is clear that the eligibility analysis cannot be applied to the appellant because he never worked on an hourly basis. Given the fact that eligibility for benefits specifically determined by the plan is only offered to full time employees, and that the definition of full time employment is based upon hourly employment, it is apparent that the district court properly concluded that the appellant was not eligible for benefits under the plan.
 
 
 16
 The status of the appellant's employment, therefore, indicates that based on the provisions of the plan, he did not and does not have a colorable claim for coverage. The appellant is simply not a member of the class of employees eligible for coverage under the plan, and it is not apparent how the appellant might properly assert full time employment status, pursuant to the unambiguous language of the plan, without any hourly work. Although the "colorable" claim standard allows for a determination of "participant" status absent a showing that the claimant is likely to succeed in their ultimate assertion of eligibility, the Supreme Court has stated that:"To say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." Bruch, 489 U.S. at 117. Absent more than an honest but unsupportable claim of eligibility, the appellant cannot properly be considered a plan participant pursuant to 29 U.S.C.s 1002 and the corresponding precedent. Accordingly, the district court's dismissal of the appellant's ERISA claim is affirmed.
 
 AFFIRMED
 
 
 [1]
 The sections cited cover the requirements for filing and furnishing of information, for refusal to provide requested information, and for claims procedures
 
 
 [2]
 ERISA provides that "[a] civil action may be brought ... by a participant, or beneficiary" against a plan administrator who fails to provide plan information. 29 U.S.C. § 1132(a)(4)(A), therefore indicating that someone not a participant nor a beneficiary could not do so
 
 
 [3]
 29 U.S.C. § 1024(b)(4)
 
 
 [4]
 29 U.S.C. § 1002(7)
 
 
 [5]
 29 U.S.C. § 1002(6)